IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN RICHARDSON, et al.,** | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 15-6325 |
| | : | |
| **VERDE ENERGY USA, INC.,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                   **August 24, 2016**

This class action arises under the Telephone Consumer Protection Act (the "Act"), 47 U.S.C. §§ 227, *et seq*, which generally forbids telemarketers from contacting prospective customers on cell phones by automatic telephone dialing systems without their express written consent, and forbids contacting consumers who have requested that calls stop.

Defendant Verde Energy USA, Inc., filed a motion to stay proceedings pending decisions from the United States Supreme Court in Spokeo, Inc. v. Robins, 135 S. Ct. 1892, 191 L. Ed. 2d 762 (2015) (granting petition for writ of *certiorari*), and from the Court of Appeals for the District of Columbia in ACA Int'l v. F.C.C., No. 15-cv-01211 (D.C. Cir. 2015).  For the following reasons, I will deny the motion.

## I.  BACKGROUND

Defendant Verde Energy USA operates an energy company that purportedly offers consumers low priced electricity.  The amended complaint alleges that the defendant utilizes a sophisticated telephone dialing system to call individuals *en masse* promoting

its services.  It obtained these telephone numbers by purchasing marketing lists containing consumers' telephone numbers.  The amended complaint further alleges that the defendant places phone calls to consumers who never provided consent to call and to consumers having no relationship with the defendant.  It allegedly makes these calls knowingly without the prior express written consent of the call recipients, and continues to make calls after requests that the calls stop.

     The amended complaint describes similar conduct by the defendant directed to each of the named plaintiffs.  Beginning in October and November of 2015, the defendant began contacting the plaintiffs on their cellular telephones multiple times without first obtaining their written consent.  When the plaintiffs answered the first call, the other end of the line was silent until they were eventually greeted by a live representative who tried to convince them to switch energy providers.  The plaintiffs told the caller that they were not interested and asked the caller to stop calling.  Nevertheless, the calls continue.  In fact, many of the plaintiffs receive multiple calls from the defendant each day.  Because of the extraordinarily high volume of calls, it became obvious to the plaintiffs that a computer was dialing their number.

     The amended complaint alleges that the plaintiffs understood that the purpose of the defendant's calls was to solicit business from them.  Each plaintiff believes that the calls the defendant made to them invaded their privacy and violated 47 U.S.C. § 227(b)(1).

## II. LEGAL STANDARD

In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts.  Nicholas v. Wyndham Int'l, Inc., 149 F.App'x 79, 81 (3d Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")).

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  Landis, 299 U.S. at 255.  "The proponent of a stay bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004) ("The opposing party must state a clear countervailing interest to abridge a party's right to litigate").  "When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'"  Cirulli v. Bausch & Lomb, Inc., No.08-4579, 2009 U.S. Dist. LEXIS 16789 (E.D. Pa. Mar. 4, 2009).

## III. DISCUSSION

The defendant first asks for a stay of this action pending a decision of the United States Supreme Court in Spokeo, Inc. v. Robins, which addresses the issue of whether

3

Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.  I note, however, that the Supreme Court issued its decision in <u>Spokeo</u> on May 16, 2016, and thus, the defendant's motion for a stay based on the pendency of that decision is now moot.  See <u>Spokeo, Inc. v. Robins</u>, 136 S.Ct. 1540 (2016).

Next, the defendant also seeks a stay pending the decision of the Court of Appeals for the District of Columbia in <u>ACA Int'l v. F.C.C.</u>  A review of the docket sheet for that case reveals that oral argument has been scheduled for October 19, 2016.  There is no telling when a decision in that action would be forthcoming, but it most definitely would be several months after argument.  Further, following the issuance of that decision, one of the parties could request a review by the circuit court *en banc* and/or seek a writ of *certiorari* before the United States Supreme Court.  Because the duration of the stay is indeterminate and could even last for well over a year, granting a stay is not appropriate.

Moreover, as the plaintiffs argue, a significant delay with unknown limits would cause them unnecessary prejudice.  Memories fade, records are lost or destroyed as time wears on, and employees get fired, are transferred, or quit.  On the other hand, the defendant would not be prejudiced if the stay is denied because it would experience no harm by engaging in discovery and motion practice.  The harm to the plaintiff in granting a stay is greater than any harm to the defendant if the stay were denied.

Finally, judicial economy would not be served by granting a stay.  It is impossible to know whether the decision in ACA will be of any value to this court or how it could

4

impact the determination of whether the defendant's phone system is an automatic telephone dialing system. The Act defines an automatic telephone dialing system as equipment which has the capacity: (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. See 47 U.S.C. § 227(a)(1). The F.C.C. and the courts in our circuit have consistently interpreted the term "capacity" in the Act using its plain meaning, finding that it means the phone system "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." Here, the defendant has not yet answered the complaint in this action, and has provided no information concerning the capacity of its telephone dialing system. The plaintiffs argue that the defendant is anticipating that the ACA decision will limit the definition of capacity thereby forcing this court to adopt the ACA court's reasoning. The defendant would then, the plaintiff argues, make a technical modification to its dialing system, thus "sidestepping" the true purpose of the Act.

    The ACA decision, however, cannot render the present case moot. This action is not automatically over even if the ACA outcome is favorable to the defendant. The impact the ACA decision might have on this case is limited only to the scope of the definition of an automatic telephone dialing system. The plaintiff will still have to conduct discovery on the composition of the defendant's dialing system regardless of the outcome of the ACA case. Accordingly, I will deny the defendant's motion for a stay.

    An appropriate Order follows.