IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN RICHARDSON, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | **NO. 15-6325** |
| | : | |
| **VERDE ENERGY USA, INC.,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                  December 19, 2016

This class action arises under the Telephone Consumer Protection Act (the "Act"), 47 U.S.C. §§ 227, *et seq*, which generally forbids telemarketers from contacting prospective customers on cell phones by automatic telephone dialing systems without their express written consent, and forbids contacting consumers who have requested that calls stop.

Defendant Verde Energy USA, Inc., filed a motion to dismiss the amended complaint, and the plaintiff has responded. For the following reasons, I will deny the motion in part, and grant it in part.

**I.  BACKGROUND**[1]

Defendant Verde Energy USA operates an energy company that purportedly offers consumers low priced electricity. The amended complaint alleges that the defendant utilizes a sophisticated telephone dialing system to call individuals *en masse* promoting

---

[1] The facts are gleaned from the amended complaint and any extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

its services. It obtained these telephone numbers by purchasing marketing lists containing consumers' telephone numbers. The amended complaint further alleges that the defendant knowingly places phone calls to consumers who never provided prior express written consent to call and to consumers having no relationship with the defendant. It allegedly continues to make calls to consumers even after they request that the calls stop.

The amended complaint describes similar conduct by the defendant directed to each of the named plaintiffs. Beginning in October and November of 2015, the defendant began contacting the plaintiffs on their cellular telephones multiple times without first obtaining their written consent. When the plaintiffs answered the first call, the other end of the line was silent until they were eventually greeted by a live representative who tried to convince them to switch energy providers. The plaintiffs told the caller that they were not interested and asked the caller to stop calling. Nevertheless, the calls continued. In fact, many of the plaintiffs still receive multiple calls from the defendant each day. Because of the extraordinarily high volume of calls, it became obvious to the plaintiffs that a computer was dialing their number.

The amended complaint finally alleges that the plaintiffs understood that the purpose of the defendant's calls was to solicit business from them. Each plaintiff believes that the calls the defendant made to them invaded their privacy and violated 47 U.S.C. § 227(b)(1).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and

conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. at 680 (emphasis added).

## III. DISCUSSION

### A. Use of an Automatic Telephone Dialing System

The defendant first argues that the amended complaint should be dismissed because the plaintiffs fail to allege adequately the use of an Automatic Telephone Dialing System. I do not agree.

To state a cause of action under the Telephone Consumer Protection Act, a plaintiff must allege that (1) a call was made; (2) the caller used an Automatic Telephone Dialing System or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express written consent of the recipient. See 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1). In their amended complaint, the plaintiffs allege that the defendant used

4

an Automatic Telephone Dialing System in placing its calls. They bolster that allegation by indicating that when they answered the defendant's calls, there was silence and "dead air" before a live person began to speak. They further support the claim by alleging that they received an extraordinarily high volume of calls, and that they continued to receive the calls despite having asked the defendant to stop calling.

Many district courts have found that similar allegations are sufficient to survive a motion to dismiss. See Abella v. Student Aid Center, Inc., 2015 U.S. Dist. LEXIS 147299 (E.D. Pa. Oct. 30, 2015) (the plaintiffs have adequately stated a claim under the Telephone Consumer Protection Act by alleging the "use [of] an automatic telephone dialing system"); see also Gross v. Weinstein, Weinburg & Fox, LLC, 123 F. Supp. 3d 575, 580 (D. Del. 2015) (denying motion to dismiss where the plaintiffs alleged that the defendant "used, controlled, and/or operated automatic telephone dialing systems"); Kristensen v. Credit Payment Servs., 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014) (denying motion to dismiss where plaintiff alleged "that the message was sent using an ATDS"); Iniguez v. The CBE Grp., 969 F. Supp. 2d 1241, 1247-48 (E.D. Cal. 2013) ("Plaintiff's complaint alleges both that the defendant used an automatic telephone dialing system and that the defendant's system utilized an artificial voice. . . . Either allegation is sufficient on its own to support the plaintiff's claims.") This is especially so where, as here, a plaintiff alleges "there was a brief and unnatural period of silence after [he] answered the call." Evans v. Nat'l Auto Div., L.L.C., 2016 U.S. Dist. LEXIS 29348 (D.N.J. Mar. 8, 2016); Connelly v. Hilton Grant Vacations Co., LLC, 2012 U.S. Dist. LEXIS 81332 (S.D. Cal. June 11, 2012) (holding that plaintiffs adequately alleged the use of an ATDS

where they alleged that "the calls had a delay prior to a live person speaking to the plaintiffs"); Oliver v. DirecTV, LLC, 2015 U.S. Dist. LEXIS 47964 (N.D. Ill. Apr. 13, 2015) (holding that plaintiff's allegation of a "momentary pause" was "sufficient to draw a reasonable inference that the defendant used an ATDS").

Accordingly, I find that the plaintiffs have adequately stated a claim under the Telephone Consumer Protection Act by alleging the "use [of] an automatic telephone dialing system." I will not grant the motion to dismiss on this basis.

### B. Case or Controversy

The defendant next argues that because the plaintiffs have only experienced transitory inconvenience, the plaintiffs have not suffered the concrete or particularized injury-in-fact required for Article III standing. Thus, the defendant argues, this court has no subject matter jurisdiction, and the amended complaint must be dismissed. Again, I must disagree.

Standing is a threshold jurisdictional requirement, based on the "case or controversy" language of Article III of the United States Constitution. Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997). To establish standing, a plaintiff must demonstrate that (1) he suffered an injury in fact, namely, an invasion of a legally protected interest that is concrete and particularized; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, the defendants argue that the plaintiffs have not pled an injury-in-fact because the plaintiffs have only experienced transitory inconvenience. However, a review of the amended complaint reveals that the plaintiffs assert the following injuries based on the defendant's alleged conduct:

> Plaintiffs and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class *via* their cellular telephones by using an [Automatic Telephone Dialing System], thereby causing Plaintiffs and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid; and Plaintiffs and Class members' privacy was invaded.

See Am.Compl. ¶ 78.  I find that these purported injuries provide an adequate injury-in-fact for standing purposes.  As the Third Circuit Court of Appeals has noted, the injury-in-fact standard is "very generous." Bowman v. Wilson, 672 F.2d 1145, 1151 (3d Cir. 1982).  "The standard is met as long as the party alleges a specific, identifiable trifle of injury, or a personal stake in the outcome of the litigation." In re Glob. Indus. Techs., Inc., 645 F.3d 201, 210 (3d Cir. 2011); see also Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 61 (1976) (Brennan, J., concurring in the judgment) (noting that "significant" injury need not be alleged); United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 690 (1973) (same).  Because the plaintiffs plead the existence of concrete injuries, however small, I will not dismiss the amended complaint on this basis.

## C. <u>Vicarious Liability under the TCPA</u>

The defendant argues that the language of the Telephone Consumer Protection Act does not allow for vicarious liability. It also argues that even if it did, the amended complaint fails to plead facts sufficient to establish vicarious liability.

First, as the plaintiffs point out, the amended complaint does not seek to hold the defendant liable solely on a theory of vicarious liability. In paragraph #2, the amended complaint alleges that "***Defendant*** made one or more authorized calls to Plaintiffs' cell phones using an [Automatic Telephone Dialing System] and/or pre-recorded voice for the purpose of soliciting business." (Emphasis added). The amended complaint also alleges:

> 93. ***Defendant*** made unsolicited and unauthorized calls using an [Automatic Telephone Dialing System] or pre-recorded voice to Plaintiffs; and the Class members' cellular telephones for the purpose of marketing products and/or services to Plaintiffs and the Classes.
>
> 94. ***Defendant*** made the calls without obtaining prior express written consent from Plaintiffs and the Classes, and continued to make calls after being told to stop.
>
> 95. The foregoing acts and omissions of ***Defendant*** constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.
>
> 96. ***Defendant's*** conduct invaded Plaintiffs' privacy.

(Emphasis added). The plaintiffs allege that the defendant itself is liable for violating the Telephone Consumer Protection Act, rather than a third party agent acting on the defendant's behalf.

8

Second, even if discovery shows that a third party agent acting on the defendant's behalf made the calls in question, the Telephone Consumer Protection Act would still provide for liability. The Supreme Court of the United States recently clarified that the Telephone Consumer Protection Act does provide for vicarious liability. See Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 673 (2016) (the Federal Communication Commission "has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations . . . and we have no cause to question it"). Other courts agree that "the TCPA can impose liability directly or vicariously upon any person or entity on whose behalf a third party places a call in violation of § 227(b)(1)(A)." Hartley-Culp v. Green Tree Servicing, LLC, 52 F. Supp. 3d 700, 703 (M.D. Pa. 2014); see also Lofton v. Verizon Wireless (VAW) LLC, 2015 U.S. Dist. LEXIS 34516 (N.D. Cal. Mar. 18, 2015) ("Under the TCPA, a defendant may be held vicariously liable for calls it does not directly initiate 'under federal common law principles of agency.'") (quoting In re Joint Petition filed by Dish Network, LLC, 2013 FCC LEXIS 2057 (May 9, 2013) (a seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification); Thomas v. Taco Bell Corp., 582 F.App'x 678, 679 (9th Cir. 2014) ("Vicarious liability can provide the basis for liability for a TCPA violation").

Accordingly, I will also not grant the defendant's motion to dismiss the amended complaint on this basis.

### D. Use of an Artificial or Pre-Recorded Voice

The defendant next claims that the focus of the amended complaint appears to be on calls allegedly made with an Automated Telephone Dialing System rather than on calls allegedly made with a pre-recorded voice. It argues that the amended complaint only makes passing and inadequate references to the alleged use of a pre-recorded voice, and thus it should be dismissed. This claim is meritless.

A plain reading of the relevant section of the Telephone Consumer Protection Act belies the defendant's argument. Title 47 of the United States Code, Section 227(b)(1)(A)(iii) provides, in pertinent part, that "It shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system *or* an artificial *or* pre-recorded voice . . . to any telephone number assigned to a . . . cellular phone service. . ." (Emphasis added). A plaintiff's allegation is sufficient if it includes calls being made with an Automated Telephone Dialing System, *or* an artificial voice, *or* a pre-recorded voice. No reference to artificial voice or pre-recorded voice is required to state a claim. Accordingly, I will not grant the defendant's motion to dismiss the amended complaint on this claim.

### E. Internal Do-Not-Call List

The defendant argues that the plaintiffs fail to state any valid claim for what they label an internal do-not-call list violation. It insists that Section 227(b) addresses only calls using an Automatic Telephone Dialing System, an artificial or prerecorded voice, or a fax machine, and does not address "internal do-not-call" requirements. This claim is meritless.

A review of the amended complaint reviews that it adequately pleads the regulatory and statutory basis for alleging violations of the "internal do-not-call" requirement. Paragraph 22 of the amended complaint provides:

> Finally, the TCPA established the National Do-Not-Call list, as well as the requirement that all businesses that place calls for marketing purposes maintain an "internal" Do-Not-Call list ("IDNC list"). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

It is apparent from the context of this paragraph that the plaintiffs are citing 47 C.F.R. § 64.1200(d)(3), and (6) for the "internal-do-not call" regulation. Those subsections provide:

> (d)  No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . .
>
> (3) Recording, disclosure of do-not-call requests.  If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or

> entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

This regulation was promulgated under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which explicitly requires the Federal Communication Commission to issue these regulations, and explicitly provides for a private right of action for violation of such regulations. Having cited and followed valid authority, the plaintiffs adequately pleaded an "internal do-not-call" claim. Accordingly, I will not grant the defendant's motion to dismiss based on this claim.

### F. **Attorneys' Fees**

Finally, the defendant argues that the Telephone Consumer Protection Act does not provide for an award of attorneys' fees, and thus there is no basis for a departure from the American Rule. It asks that I dismiss the plaintiffs' claim for attorneys' fees.

In Paragraph 101 of the amended complaint, the plaintiffs allege that they are entitled to recover reasonable attorney fees.  They cite no authority for such an allegation, and there apparently is no authority under the Telephone Consumer Protection Act for such an award.  See Smith v. Microsoft Corp., 297 F.R.D. 464, 469 (S.D. Cal. 2014) ("The TCPA, unlike many consumer protection statutes, does not provide for attorney's fees..."); Haley v. Hughes Network Sys., LLC, No. 12-cv-01079, 2013 U.S. Dist. LEXIS 157104 (W.D.N.Y. Nov. 1, 2013) ("The TCPA makes no provision for attorney's fees or costs"); Klein v. Vision Lab Telecomm., Inc., 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005); J.C. Corp. Mgmt., Inc. v. Res. Bank, 2005 U.S. Dist. LEXIS 33433 (E.D. Mo. Sept. 12, 2005) ("The TCPA does not provide for the recovery of attorney's fees..."); Gold Seal Termite & Pest Control Co. v. DirecTV, Inc., No. 03-cv-00367, 2003 U.S. Dist. LEXIS 11205 (S.D. Ind. June 10, 2003) ("There is no provision [in the TCPA] that provides for shifting of attorneys' fees or costs...").

In their response, the plaintiffs argue that they may ultimately be entitled to attorneys' fees under several different statutes and rules, and whether such an award should be made in the future should not be evaluated at this time.  At this stage of the litigation, however, there is no conduct on the defendant's part which could be construed as potentially triggering one of those statutes or rules now or in the future.  Accordingly, I will grant the defendant's motion to dismiss the claim for attorneys' fees.  Of course, as in any action, the plaintiffs may file a motion for attorneys' fees at the end of the litigation, should they feel they have a claim under the Federal Rules of Civil Procedure.

An appropriate Order follows.