IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RICHARDSON *et al.*, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VERDE ENERGY USA, INC.,<br><br>　　　　　Defendant. | No. 5:15-cv-06325-LS |
| DONNA SCHLEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VERDE ENERGY USA, INC.,<br><br>　　　　　Defendant. | No. 2:17-cv-00887-LS |

**MOTION FOR PROTECTIVE ORDER REGARDING
PLAINTIFFS' NOTICE OF DEPOSITION TO FLUENT, LLC**

Defendant, Verde Energy USA, Inc. ("Verde"), through its undersigned counsel, requests that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and, in support thereof, avers as follows:

**INTRODUCTION**

1.　In the Court's September 25, 2017 Scheduling Order, the Court granted Verde's request for a brief window at the outset of this matter when discovery would be limited to the individual claims of the named Plaintiffs only.

2.	Despite the Court's Order, and the parties' competing positions that preceded it, the Plaintiffs nonetheless contend that discovery is not limited to the individual claims of the named Plaintiffs during this brief initial window.  Instead, the Plaintiffs contend that they can seek discovery beyond the scope of the individual claims of the named Plaintiffs.

3.	Verde requests that the Court re-confirm that, pending a subsequent scheduling order, discovery is limited in scope to the individual claims of the named Plaintiffs.

4.	More specifically, Verde requests that the Court enter a protective order prohibiting the named Plaintiffs from seeking information and/or documents identified in the named Plaintiffs' subpoena issued to third party Fluent, LLC ("Fluent")[1] that pertain to class-wide issues and are unrelated to the individual claims of the named Plaintiffs.  A copy of the Notice of Subpoena and accompanying subpoena to Fluent are attached as Exhibit A (the "Subpoena").

5.	For the reasons set forth below, given that the Subpoena is overly broad, goes beyond the scope of the Court's September 25, 2017 Order, and seeks information and/or documents unrelated to the individual claims of the named Plaintiffs, Verde requests the entry of a protective order prohibiting the named Plaintiffs from seeking information and/or documents unrelated to the individual claims of the named Plaintiffs.

## BACKGROUND

6.	Verde contends that the individual claims of the named Plaintiffs are meritless for multiple reasons.  If Verde is correct and the named Plaintiffs' individual claims lack merit, it would be unreasonably burdensome for Verde, for the Court, and even for the named Plaintiffs and their attorneys to engage in expensive and prolonged class-wide discovery.  Accordingly,

---

[1] Fluent, an advertising technology company, owns and operates various websites that connect Verde with advertising leads.

during the Fed. R. Civ. P. 16 case management conference on September 6, 2017, Verde requested a short window at the outset of this matter to demonstrate that the named Plaintiffs' individual claims are subject to dismissal.

7.   During the September 6, 2017 case management conference, the named Plaintiffs objected to Verde's request for an initial discovery period limited only to the named Plaintiffs' individual claims.

8.   After hearing both Verde's and the named Plaintiffs' arguments, the Court requested that the parties submit proposed scheduling orders.

9.   On September 7, 2017, Verde submitted to the Court a proposed scheduling order, which set forth an initial period for discovery on the named Plaintiffs' individual claims, to be followed by a period for class-wide fact discovery, in the event that the case survives a motion for summary judgment as to the named Plaintiffs' individual claims. A copy of Verde's September 7, 2017 proposed scheduling order is attached hereto as Exhibit B.

10.  The named Plaintiffs submitted their own proposed scheduling order that did not include a window for discovery limited only to the named Plaintiffs' claims.

11.  On September 25, 2017, the Court entered an Order adopting the deadlines for discovery and summary judgment on the named Plaintiffs' individual claims as proposed by Verde in its September 7, 2017 proposed scheduling order. See Dkt. No. 53.

12.  On October 10, 2017, counsel for the named Plaintiffs served the Subpoena on Fluent. See Ex. A.

13.  Among the topics for deposition identified in the Subpoena are:

> 3.   The identity of, and the number of views and number of telephone number leads obtained, in 2015 and 2016, for each website that was used to obtain the Telephone Numbers.

> 4. The number of telemarketing leads that You obtained for Verde, or for anyone acting on behalf of Verde, in 2015 and 2016.

See Ex. A, Attachment A, Topics 3-4.

14. The Subpoena also seeks, *inter alia*, the following documents:

> 7. Documents stating the amount, visitor type unique or otherwise, web pages visited, time on site, entrance web page, exit web page, web pages visited and visitor frequency by hour of day of traffic on the websites listed above.
>
> 8. Documents identifying the number and file format(s) of leads you provided to Verde in 2015 and 2016.

See Ex. A, Attachment B, Document Requests 7-8.

15. Topics 3 and 4 and Document Requests 7 and 8 of the Subpoena are overly broad and seek information unrelated to the named Plaintiffs' claims, in contravention of the Court's September 25, 2017 Order.

16. Indeed, information or documents pertaining to the total number of leads obtained by Fluent have no relevance to the named Plaintiffs' individual claims that they received telephone calls via an automatic telephone dialing system ("ATDS") without prior express consent, and pertain only to alleged class-wide issues.

17. On October 17, 2017, Verde's counsel requested that counsel for the named Plaintiffs withdraw Topics 3 and 4 and Document Requests 7 and 8.

18. However, counsel for the named Plaintiffs has refused to withdraw Topics 3 and 4 and Document Requests 7 and 8 on the grounds that "[c]lass-wide discovery has not been stayed."

19. In accordance with Fed. R. Civ. P. 26(c), Verde's counsel has conferred with counsel for the named Plaintiffs in a good faith effort to resolve the dispute without Court action, to no avail.

20.     Because engaging in class-wide discovery at this stage would frustrate the apparent intent of the Court's September 25, 2017 Order, Verde respectfully requests that the Court enter a protective order prohibiting the named Plaintiffs from seeking information or documents identified in Topics 3 and 4 and Document Requests 7 and 8 of the subpoena to Fluent, LLC, and clarifying that discovery at this time is limited to the named Plaintiffs' claims only.

WHEREFORE, Verde Energy USA, Inc. respectfully requests that the Court grant this motion and enter the attached proposed order.

Dated:  November 2, 2017          Respectfully submitted,

/s/ Kevin P. Allen_____
Albert G. Bixler
Pa. I.D. No. 45639
abixler@eckertseamans.com

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
P: (215) 851-8481

and

Kevin P. Allen
Pa. I.D. No. 76426
kpallen@eckertseamans.com

Joel L. Lennen
Pa. I.D. No. 44615
jlennen@eckertseamans.com

ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
P: (412) 566-6866

*Attorneys for Defendant,*
*Verde Energy USA, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of November, 2017, I delivered a copy of the foregoing MOTION FOR PROTECTIVE ORDER upon the persons indicated below via ECF filing and electronic mail.

Shanon J. Carson, Esq.
Arthur Stock, Esq.
Lane L. Vines, Esq.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
*scarson@bm.net*
*astock@bm.net*
*lvines@bm.net*

W. Craft Hughes, Esq.
Jarrett L. Ellzey, Esq.
HUGHES ELLZEY, LLP
2700 Post Oak Boulevard, Suite 1120
Galleria Tower 1
Houston, TX 77056
*craft@hughesellzey.com*
*jarrett@hughesellzey.com*

Scott A. Bursor, Esq.
Joseph I. Marchese, Esq.
Joshua D. Arisohn, Esq.
Philip L. Fraietta, Esq.
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
*scott@bursor.com*
*jmarchese@bursor.com*
*jarisohn@bursor.com*
*pfraietta@bursor.com*

Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712
*ari@marcuszelman.com*

*Attorneys for Plaintiffs and the Proposed Class*

*/s/ Kevin P. Allen*
Kevin P. Allen
Pa. I.D. No. 76426
kpallen@eckertseamans.com