IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RICHARDSON *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>Defendant. | No. 5:15-cv-06325-LS |
| DONNA SCHLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>Defendant. | No. 2:17-cv-00887-LS |

## CONCISE STATEMENT OF MATERIAL FACTS

In support of its Motion for Summary Judgment, Defendant, Verde Energy USA, Inc. ("Verde"), identifies the following undisputed material facts:

### CONSENT TO BE CALLED

1. Verde utilizes an advertising technology company, Fluent, Inc. ("Fluent"), to obtain customer leads. See Ex. A, Declaration of Fluent, Inc. at ¶ 4.

2. Fluent, and/or its wholly owned subsidiaries, own and operate various websites which help locate users who consent to receive calls regarding Verde. Id. at ¶ 7.

3. Fluent maintains a database of user information that tracks what online users do and what information the users provide while on websites owned by, or affiliated with, Fluent. Id. at ¶ 8.

4. If an online user expressly consents to receiving phone calls regarding Verde while on one of Fluent's websites and meets other targeting and selection criteria, Fluent provides that user's contact information to Verde's marketing group. Id. at ¶ 9.

## THE CALLS

5. Transparent BPO, Inc. ("Transparent BPO"), a business that offers lead contact services and operates outbound telemarketing call centers, has contracted with Verde to offer lead contact services to Verde, which include making calls regarding Verde to customer leads. See Ex. B, Declaration of John Scott Newman at ¶¶ 2-3.

6. Once Fluent obtains consent for a user to be contacted regarding Verde, that user's contact information is provided to Transparent BPO. See Ex. C., Deposition Transcript of Transparent BPO at p. 47, lns. 6-20.

7. Transparent BPO has contracted with CallShaper, LLC ("CallShaper") to use CallShaper's software to make contact with leads. Id.; see also Ex. D., Declaration of Robert Weinholt at ¶ 9.

8. CallShaper offers, amongst other things, a predictive dialing platform for customers who engage in outbound dialing (the "CallShaper Predictive Dialer"). The CallShaper Predictive Dialer is a software program that CallShaper licenses to CallShaper's customers, usually telemarketing call centers like Transparent BPO. See Ex. D., Declaration of Robert Weinholt at ¶ 2.

9. The CallShaper Predictive Dialer is designed to enable those making telemarketing phone calls to do so with greater efficiency and efficacy. Id. at ¶ 3.

10. In CallShaper's experience, neither call centers nor businesses that hire and utilize call centers want telemarketing calls to be made to telephone numbers on either a random or a numerically sequential basis. Id. at ¶ 4.

11. Making telemarketing calls on a random or sequential basis would be haphazard and therefore inefficient, and businesses that pay for call center services do not, in CallShaper's experience, want call centers to be inefficient in their efforts. Id.

12. Instead, Callshaper's customers want software that dials numbers from target marketing lead lists, not randomly or sequentially. Id. at ¶ 5.

13. CallShaper therefore designed, and has refined, the CallShaper Predictive Dialer in accordance with that understanding of what the marketplace demands. The CallShaper Predictive Dialer software was written to allow users to load lists of targeted leads to be called, but the CallShaper Predictive Dialer software has no feature to store or produce telephone numbers to be called using a random or sequential number generator, nor does the CallShaper Predictive Dialer software have any feature that would enable telephone numbers to be dialed randomly or sequentially. Id. at ¶ 6.

14. The CallShaper Predictive Dialer does not have those features because CallShaper perceives absolutely no marketplace demand for those features. The CallShaper Predictive Dialer does not have the capacity to store, produce, or dial numbers randomly or sequentially because the CallShaper Predictive Dialer was not designed to enable CallShaper's customers to do something that, in CallShaper's experience, CallShaper's customers do not want to do. Id. at ¶ 7.

15. In order to store or produce and then dial phone numbers on a random or sequential basis, the computer code for the CallShaper Predictive Dialer software would need to be rewritten to perform tasks that the software is not designed to perform currently. Id. at ¶ 8.

16. Pursuant to the parties' marketing agreement, Transparent BPO made calls regarding Verde to leads who expressed consent to be called at the following telephone numbers:

See Ex. B, Declaration of John Scott Newman, at ¶ 4.

17. Information concerning the calls made regarding Verde to the Telephone Numbers was retained through a third-party software system owned by CallShaper, LLC. Id. at ¶ 5.

18. Among the information retained by CallShaper are audio recordings of calls made regarding Verde to the Telephone Numbers. Id. at ¶ 6.

19. The audio recordings of calls made to the Telephone Numbers include: (a) a call placed on October 26, 2015 to the number ▇▇▇▇▇▇▇▇, which has been produced in this matter and labeled VE000312; (b) a call placed on May 13, 2016 to the number ▇▇▇▇▇▇▇▇, which has been produced in this matter and labeled VE000334; and (c) a call placed on November 18, 2015 to the number ▇▇▇▇▇▇▇▇, which has been produced in this matter and labeled VE000322. Id. at ¶ 7.

20. The calls made on the audio recordings produced at VE000334, VE000312 and VE000322 were not made with an artificial or pre-recorded voice. Id. at ¶ 8.

21. Calls made regarding Verde are not delivered with an artificial or pre-recorded message; instead, only live call center representatives speak to called parties about Verde's services. Id. at ¶ 9.

22. The only time a pre-recorded or artificial message is used to deliver information to a consumer regarding Verde is when it is required under 47 C.F.R. §64.1200(a)(7)(i), in the event that a live operator is not immediately available. Those messages are played, at most, during 3% of calls regarding Verde. Id. at ¶ 10.

## **BRIAN RICHARDSON**

23. On November 2, 2017, a Consolidated Amended Complaint was filed in this matter naming Verde as the Defendant (the "Complaint"). See Dkt. 61.

24. Brian Richardson is a named Plaintiff in the Complaint ("Richardson"). Id. at p. 2, ¶ 4.

25. In the Complaint, Richardson alleges that he received calls regarding Verde in October and November 2015. Id. at p. 7, ¶ 26.

26. ███████████████████████████████████████████████ See Ex. E., Deposition Transcript of Plaintiff Brian Richardson at p. 46, ln. 25; p. 47, lns. 1-3.

27. ███████████████████████████████████████████████ Id. at p. 49, lns. 3-7, 22-25.

28. ███████████████████████████████████████████████ Id. at p. 53, lns. 13-14, 24-25; p. 54, lns. 1-18.

29. ███████████████████████████████████████ Id. at p. 56, lns. 24-25; p. 57, ln. 1.

30. ███████████████████████████████████████

███████████████████████████████ <u>Id.</u> at p. 57, lns. 4-8; p. 59, lns. 1-5.

31. ███████████████████████████████████████

████████████████████████████████████ <u>Id.</u> at p. 59, lns. 8-13.

32. ████████████████████████████████ <u>See</u> Ex. F., ██████

█████████████

33. ███████████████████████████████████████

████████████████ <u>See</u> Ex. F., ██████████████████████; <u>see also</u> Ex. E.,

Deposition Transcript of Plaintiff Brian Richardson at p. 31, lns. 4-9.

34. ███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████ <u>See</u> Ex. E.,

Deposition Transcript of Plaintiff Brian Richardson at p. 31, lns. 4-15, 19-25; p. 32, lns. 1-3, 5 –

11.

35. ███████████████████████████████████████

████████████████████████████████████ <u>Id.</u> at

p. 32, lns. 12-15, 19-23.

36. ███████████████████████████████████████

████████████████████████████████ <u>Id.</u> at p. 33, lns. 1-22.

37. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████████████████ See Ex. A, Declaration of Fluent, Inc. at ¶¶ 13, 14.

38. ████████████████████████████████████████████████████████

████████████████████████████████████████████████ Id. at ¶ 15.

39. ████████████████████████████████████████████████████████

████████████████████████████████████████████████ See Ex. A, Declaration of Fluent, Inc. at ¶ 13; see also Ex. E., Deposition Transcript of Plaintiff Brian Richardson at p 30, lns. 7-17.

40. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

See Ex. A, Declaration of Fluent, Inc. at ¶¶ 16-23; see also Ex. G., Fluent Deposition Transcript at p. 375, lns. 9-25; p. 376, lns. 1-13; Ex. E., Deposition Transcript of Brian Richardson at p. 84, lns. 11 – 25; p. 85, lns. 1 – 5; p. 86, lns. 3-5; p. 87, lns 4-7, 20-25; p. 88, lns. 1-3.

41. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████ See Ex. A, Declaration of Fluent, Inc. at ¶ 20. ██████████████

██████████████████████████████████████████████████████

██████████████████████ See Ex. E., Deposition Transcript of Brian Richardson at p. 87, lns. 20-25; p. 88, lns. 1-3.

42. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████ Id. at ¶ 18-19.

43. ██████████████████████████████████████████████████████

████ See Ex. A, Declaration of Fluent, Inc. at ¶ 19.

44. ██████████████████████████████████████████████████████

See Ex. E., Deposition Transcript of Brian Richardson at p. 60, lns. 12-17.

45. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ Id. at p. 13, lns. 8 – 25; p. 14, ln. 1; p. 16, lns. 1-4.

46. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████ Id. at p. 50, lns. 1-2, 5-14, 16-18.

47. ███████████████████████████████████████████████████████████

███████████████ Id. at p. 51, lns. 12-16, 18-23, p. 52, lns. 8-12, 21-25, p. 53, lns. 1-2.

## MICHELLE HUNT

48. Michelle Hunt is a named Plaintiff in the Complaint ("Hunt"). See Dkt. 61. at p. 2, ¶ 5.

49. In the Complaint, Hunt alleges that she received calls regarding Verde. Id. at p. 8, ¶ 39.

50. ███████████████████████████████████████████████████████████

██████████████████████████████████████████ See Ex. H., Deposition Transcript of Michelle Hunt at p. 81, lns. 24-25; p. 82, lns. 1-21; see also Ex. B, Declaration of John Scott Newman, at p. 2, ¶¶ 4 – 8.

## KRISTOPHER VILLIGER

51. Kristopher Villiger is a named Plaintiff in the Complaint ("Villiger"). See Dkt. 61 at p. 2, ¶ 7.

52. In the Complaint, Villiger alleges that he received calls regarding Verde in May of 2016. Id. at p. 10, ¶ 58.

53. ███████████████████████████████████████████████████████████

██████████████████████████████████████████ See Ex. I., Deposition Transcript of Kristopher Villiger at p. 54, lns. 19-25; p. 55, lns. 2-6; p. 56, lns. 11-18; see also Ex. B, Declaration of John Scott Newman, at p. 2, ¶¶ 4 – 8. ███████████████████████████████

██████████████ See Ex. I., Deposition Transcript of Kristopher Villiger at p. 130, lns. 21-25; p. 131, lns. 1-2; p. 133, lns. 16-19.

## JACQUELINE BOWSER

54. Jacqueline Bowser is a named Plaintiff in the Complaint ("Bowser"). See Dkt. 61 at p. 2, ¶ 6.

55. In the Complaint, Bowser alleges that she received calls regarding Verde in November of 2015. Id. at p. 9, ¶ 49.

56. ██████████████████████████████████████████████████████████████ See Exhibit J., Deposition Transcript of Jacqueline Bowser at p. 43, lns. 15 – 24.

57. ██████████████████████████████████████████████████████████████ See Ex J., Deposition Transcript of Jacqueline Bowser at p. 88, lns. 10-22; see also Ex. B, Declaration of John Scott Newman, at p. 2, ¶¶ 4 – 8.

Dated:  December 4, 2017         /s/  Kevin P. Allen
                                 Albert G. Bixler
                                 Pa. I.D. No. 45639
                                 abixler@eckertseamans.com

                                 ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                 Two Liberty Place
                                 50 South 16th Street, 22nd Floor
                                 Philadelphia, PA 19102
                                 P: (215) 851-8481
                                 and
                                 Kevin P. Allen
                                 Pa. I.D. No. 76426
                                 kpallen@eckertseamans.com

                                 Joel L. Lennen
                                 Pa. I.D. No. 44615
                                 jlennen@eckertseamans.com

                                 ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                 600 Grant Street, 44th Floor
                                 Pittsburgh, PA  15219
                                 P: (412) 566-6866
                                 *Attorneys for Defendant Verde Energy USA, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 4th day of December 2017, I caused to be served a true and correct copy of the foregoing CONCISE STATEMENT OF MATERIAL FACTS of Defendant, Verde Energy USA, Inc., via ECF filing and electronic mail:

| | |
|---|---|
| Shanon J. Carson, Esq. | Scott A. Bursor, Esq. |
| Arthur Stock, Esq. | Joseph I. Marchese, Esq. |
| Lane L. Vines, Esq. | Philip D. Arisohn, Esq. |
| 1622 Locust Street | Philip L. Fraietta, Esq. |
| Philadelphia, PA  19103 | BURSOR & FISHER, P.A. |
| *scarson@bm.net* | 888 Seventh Avenue |
| *astock@bm.net* | New York, NY  10019 |
| *lvines@bm.net* | *scott@bursor.com* |
| | *jmarchese@bursor.com* |
| W. Craft Hughes, Esq. | *jarisohn@burson.com* |
| Jarrett L. Ellzey, Esq. | *pfraietta@burson.com* |
| Deola Ali, Esq. | |
| HUGHES ELLZEY, LLP | Ari H. Marcus |
| 2700 Post Oak Boulevard, Suite 1120 | MARCUS & ZELMAN, LLC |
| Houston, TX  77056 | 1500 Allaire Avenue, Suite 101 |
| *craft@hughesellzey.com* | Ocean, NJ 07712 |
| *jarrett@hughesellzey.com* | *ari@marcuszelman.com* |
| *deola@hughesellzey.com* | |

*Attorneys for Plaintiffs and the Proposed Class*

   */s/  Kevin P. Allen*
   Kevin P. Allen
   Pa. I.D. No. 76426
   kpallen@eckertseamans.com