**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN RICHARDSON, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>VERDE ENERGY USA, INC.,<br><br>    Defendant. | No.: 5:15-cv-06325-WB |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF AMENDED SETTLEMENT AGREEMENT**

**TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................... 1

II.   SUMMARY OF THE ACTION ............................................................................. 3

III.  THE PROPOSED SETTLEMENT AND NOTICE PROGRAM.................................... 5

IV.   ARGUMENT .......................................................................................................... 8

      A.   The Class Should Be Preliminarily Certified for Purposes of the Settlement ...... 9

           1.   The Elements of Rule 23(a) are Satisfied.............................................. 9
                a.   Numerosity........................................................................... 9
                b.   Commonality ...................................................................... 10
                c.   Typicality ........................................................................... 11
                d.   Adequacy ........................................................................... 12

           2.   The Requirements of Rule 23(b)(3) Are Also Met ............................... 14
                a.   Predominance...................................................................... 14
                b.   Superiority ......................................................................... 15

      B.   Preliminary Approval of the Proposed Settlement Is Warranted ....................... 15

      C.   The Form and Method of Notice Should be Approved...................................... 19

           1.   The Form of Notice Is Appropriate......................................................... 20

           2.   The Method of Notice Comports with Due Process and Is Reasonable . 21

V.    PROPOSED SCHEDULE OF CERTAIN SETTLEMENT EVENTS .......................... 21

VI.   CONCLUSION ...................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atis v. Freedom Mortg. Corp.*,
    No. 15-cv-03424 (RBK/JS), 2018 WL 5801544 (D.N.J. Nov. 6, 2018) ..................................9

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994)...................................................................................................9, 10

*Barel v. Bank of Am.*,
    255 F.R.D. 393 (E.D. Pa. 2009)...............................................................................10, 11, 12

*Carr v. Flowers Foods, Inc.*,
    No. 15-cv-6391, 2019 WL 2027299 (E.D. Pa. May 7, 2019)........................................8, 9, 12

*Chakejian v. Equifax Info. Servs. LLC*,
    256 F.R.D. 492 (E.D. Pa. 2009) ..........................................................................................10

*Cosgrove v. Citizens Auto. Fin., Inc.*,
    No. 09-cv-1095, 2011 U.S. Dist. LEXIS 95656 (E.D. Pa. Aug. 25, 2011) ...........................11

*Ehrheart v. Verizon Wireless*,
    609 F.3d 590 (3d Cir. 2010)............................................................................................7, 14

*Gehrich v. Chase Bank U.S.*,
    316 F.R.D. 215 (N.D. Ill. 2016)..........................................................................11, 16, 17, 18

*Glaberson v. Comcast Corp.*,
    No. 03-cv-6604, 2014 U.S. Dist. LEXIS 172040 (E.D. Pa. Dec. 12, 2014).....................15, 20

*Good v. Nationwide Credit, Inc.*,
    No. 14-cv-4295, 2016 U.S. Dist. LEXIS 32154 (E.D. Pa. Mar. 14, 2016) ........................14, 9

*Grannan v. Alliant Law Group, P.C.*,
    No. 10-cv-02803 HRL, 2012 U.S. Dist. LEXIS 8101 (N.D. Cal. Jan. 24, 2012)....................11

*Hawk Valley, Inc. v. Taylor*,
    301 F.R.D. 169 (E.D. Pa. 2014)............................................................................................9

*In re ATI Techs., Inc. Secs. Litig.*,
    No. 01-cv-2541, 2003 U.S. Dist. LEXIS 7062 (E.D. Pa. Apr. 28, 2003)...............................18

*In re Certainteed Fiber Cement Siding Litig.*,
    303 F.R.D. 199 (E.D. Pa. 2014)..........................................................................................15

ii

*In re Currency Conversion Fee Antitrust Litig.*,
  MDL No. 1409, 2006 U.S. Dist. LEXIS 81440 (S.D.N.Y. Nov. 8, 2006) ............................18

*In re DVI, Inc. Secs. Litig.*,
  No. 03-5336, 2016 U.S. Dist. LEXIS 40473 (E.D. Pa. Mar. 28, 2016)...................................18

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
  55 F.3d 768 (3d Cir. 1995)...........................................................................7, 8, 12, 15

*In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liab. Litig.*,
  No. 11-md-02284, 2013 U.S. Dist. LEXIS 18332 (E.D. Pa. Feb. 12, 2013).........................7, 8

*In re Ravisent Techs., Inc. Secs. Litig.*,
  No. 00-cv-1014, 2005 U.S. Dist. LEXIS 6680 (E.D. Pa. Apr. 18, 2005) ...............................12

*In re Urban Outfitters, Inc., Secs. Litig.*,
  No. 13-cv-5978, 2016 U.S. Dist. LEXIS 24915 (E.D. Pa. Feb. 29, 2016) .............................10

*In re ViroPharma Inc. Secs. Litig.*,
  No. 12-cv-2714, 2016 U.S. Dist. LEXIS 8626 (E.D. Pa. Jan. 25, 2016)................................15

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004).......................................................................10, 12, 14

*Newton v. Merrill Lynch Pierce, Fenner & Smith, Inc.*,
  259 F.3d 154 (3d Cir. 2001)..............................................................................13

*Smith v. Grayling Corp.*,
  No. 07-cv-1905, 2008 U.S. Dist. LEXIS 117292 (E.D. Pa. Aug. 20, 2008) ..........................14

*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001)...........................................................................9, 11

*Vasco v. Power Home Remodeling Group LLC*,
  No. 15-cv-4623, 2016 U.S. Dist. LEXIS 141044 (E.D. Pa. Oct. 12, 2016) ...........................18

**Statute**

Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.* ("TCPA")...................................2, 3

**Other Authorities**

Fed. R. Civ. P. 23(a) .................................................................................7, 8, 9, 10, 11

Fed. R. Civ. P. 23(b) .................................................................................7, 11, 12, 13, 14

Fed. R. Civ. P. 23(c)(2)(B)....................................................................................1, 18, 19

Fed. R. Civ. P. 23(e) ...................................................................................13, 14, 18, 19

Pursuant to FED. R. CIV. P. 23, Plaintiffs Brian Richardson, Michelle Hunt, Jacqueline Bowser, Kris Villager, and Donna Schley ("Plaintiffs"), on behalf of themselves and the proposed Settlement Class,[1] respectfully submit this memorandum of law in support of Plaintiffs' unopposed motion for: (a) preliminary approval of the Parties' proposed Amended Settlement Agreement; (b) preliminary certification of the proposed Settlement Class for purposes of the proposed Settlement; (c) approval of the form and manner of notice of the Settlement to the Settlement Class Members; and (d) the scheduling of a Final Approval Hearing to consider final approval of the Settlement, certification of the Settlement Class, and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards.

A copy of the Parties' Amended Stipulation and Agreement of Settlement ("Amended Settlement Agreement") and its exhibits is attached as Exhibit 1 to Plaintiffs' accompanying Motion. The Parties' proposed Preliminary Approval Order is attached as Exhibit A to the Amended Settlement Agreement. The proposed Notice of Settlement and Claim Form are attached, respectively, as Exhibits B and C to the Amended Settlement Agreement.

## I.     **INTRODUCTION**[2]

During the hearing on September 23, 2019, the Court considered the Parties' original proposed class action settlement that was filed on August 16, 2019. Dkt. 125. The Court ruled during that hearing that the settlement was not sufficient in terms of the adequacy of relief, although the Court found that all other criteria for settlement approval were met. Dkt. 132, Tr. at 10:6-22; *see also* Tr. 8:25 to 9:2; 26:14 to 27:12.

---

[1]  Unless otherwise stated, all capitalized terms used in this Memorandum are as defined in the Amended Settlement Agreement.

[2]  Defendant consents, for settlement purposes only, to the relief requested herein, but not to the allegations in the Complaint or Plaintiffs' arguments regarding those allegations as summarized herein.

The Parties heard and appreciated the Court's concerns and returned to the negotiating table to address them. Plaintiffs are now pleased to present this Motion for preliminary approval of the Parties' Amended Settlement Agreement. The revisions to the original settlement that are set forth in the Amended Settlement Agreement increase the monies available to the Settlement Class Members **by $2 million** such that it is anticipated that each Authorized Claimant will receive $100 under the Settlement (which is what the Court expressed that it desired). Specifically, the Amended Settlement Agreement provides that Verde will pay up to $5 million in which the original $3 million Settlement Fund remains non-reversionary but the additional $2 million will be used solely to the extent necessary to seek to ensure that each Authorized Claimant receives $100. No attorneys' fees will be requested out of the additional $2 million added to the Settlement.

The Amended Settlement Agreement is intended to address the Court's comments during the September 23, 2019 hearing, and the Parties respectfully believe that it is a fair, reasonable, and adequate settlement that should receive preliminary approval by the Court. As recounted in their prior motion for preliminary approval, this Motion follows approximately four years of highly-contested litigation, in which Plaintiffs assert against Defendant Verde Energy USA, Inc. ("Verde" or "Defendant") claims arising from Defendant's alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The Amended Settlement Agreement will resolve and release all claims asserted in this Action and will deliver to the Settlement Class an immediate and certain recovery.

At the time the Settlement was reached, Plaintiffs were informed about the strengths and weaknesses of the claims asserted, by obtaining significant fact discovery, including document productions and written discovery concerning Verde's business practices and operations, as well as information learned through depositions of Verde and its vendors.

Accordingly, Plaintiffs respectfully request that the Court grant preliminary approval of the Amended Settlement Agreement so that notice may be provided to the Settlement Class. If approved by the Court, the proposed Preliminary Approval Order will:

1.   preliminarily certify the Settlement Class for purposes of the proposed Settlement;

2.   preliminarily approve the Settlement on the terms set forth in the Amended Settlement Agreement;

3.   approve the proposed form and content of the Notice and Claim Form;

4.   approve the proposed procedures for dissemination of the Notice in the manner set forth in the Preliminary Approval Order;

5.   appoint Angeion Group, LLC ("Angeion Group") to serve as the Settlement Administrator;

6.   preliminarily appoint, for settlement purposes only, Shanon J. Carson and Lane L. Vines of Berger Montague PC, W. Craft Hughes and Jarrett L. Ellzey of Hughes Ellzey, LLP, Joshua Arisohn of Bursor & Fisher, P.A., and Ari H. Marcus of Marcus & Zelman, LLC to serve as Class Counsel;

7.   establish the date of the Final Approval Hearing; and

8.   establish deadlines for (a) Settlement Class Members to submit Claim Forms, or request exclusion from or object to the Settlement, (b) the filing of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, and (c) the filing of the Motion for Final Approval of the Settlement.

## II.   <u>SUMMARY OF THE ACTION</u>

On November 25, 2015, Plaintiffs Brian Richardson and Michelle Hunt filed a Class Action Complaint (Dkt. 1) against Verde in this Action on behalf of a nationwide class for violation of the TCPA. Jacqueline Bowser was added as a named plaintiff in this Action via an Amended Class Action Complaint filed on February 26, 2016 (Dkt. 15); and Kris Villiger and Donna Schley were added as named plaintiffs via a Consolidated Amended Class Action Complaint filed on November 1, 2017 (Dkt. 61).

The TCPA prohibits the use of "an artificial or prerecorded voice" in calling cellular telephones for non-emergency purposes without "prior express consent" from the recipient of the calls. 47 U.S.C. § 227(b)(1). The statute provides a private right of action; for each violation, a consumer may recover $500 in damages and up to $1,500 if a "court finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3). Plaintiffs allege that Defendant violated the TCPA by calling the cellular telephones of Plaintiffs and the other Settlement Class Members using an artificial or prerecorded voice for purposes of telemarketing without obtaining the requisite prior express consent of the persons called.

Following motion practice on the pleadings, Defendant filed its Answer (Dkt. 70) to the Consolidated Amended Class Action Complaint on November 15, 2017, denying any and all liability with respect to the claims alleged, among other things. On December 19, 2018, the Court entered an Order (Dkt. 108) granting in part and denying in part Defendant's motion for partial summary judgment. That ruling dismissed Plaintiffs' claims as to Defendant's alleged use of an automatic telephone dialing system ("ATDS"). On March 29, 2019, Plaintiffs filed a Second Amended Class Action Complaint (Dkt. 122) to conform the allegations to the Court's ruling on summary judgment.

The Parties first agreed to mediate this Action in 2017 and retained the Honorable Diane M. Welsh, U.S. Magistrate Judge for the Eastern District of Pennsylvania (Retired) to serve as the mediator. On May 4, 2017 and July 13, 2017, Judge Welsh conducted full day mediation sessions between counsel for the Parties, but unfortunately, these sessions did not result in a settlement. In the Spring of 2019, the Parties again agreed to mediate and retained the Honorable Lawrence F. Stengel, the former Chief U.S. District Judge for the Eastern District of Pennsylvania (Ret.) to serve as the mediator (the "Mediator"). On April 15, 2019, Judge Stengel conducted a full day

mediation session, and at the conclusion of that session, the Parties accepted the Mediator's compromise settlement proposal subject to the negotiation of a definitive settlement agreement and the approval of the Settlement by the Court in accordance with FED. R. CIV. P. 23.

Prior to agreeing to the Settlement, Plaintiffs' Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in this Action, including, but not limited to, examining certain documents and data produced by Defendant and deposing certain relevant witnesses. Plaintiffs' Counsel analyzed and considered the relative strengths and weaknesses of the Parties' claims and contentions and the benefits the Settlement offers to the Settlement Class. Plaintiffs and their Counsel, after taking into account the risks, uncertainties and costs of further litigation, as well as the Court's comments and rulings during the September 23, 2019 hearing, are satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate, and that the Settlement is in the best interest of the Settlement Class.

Defendant, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, considers it desirable to resolve this Action on the terms of the Settlement, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation. As such, the Settlement reflects a compromise and the Parties have agreed that the Settlement shall not be construed as or be deemed an admission or concession by any of the Parties of the truth of any allegation or the validity of any purported claim or defense asserted in any of the pleadings in this Action, or of any fault or liability on the part of Defendant.

## III.   THE PROPOSED SETTLEMENT AND NOTICE PROGRAM

The Amended Settlement Agreement will benefit a Settlement Class defined as:

all individuals in the United States who received a call made by or on behalf of Verde Energy USA, Inc. to the individual's cellular or landline telephone, through

the use of a pre-recorded or artificial voice, from October 16, 2013 to February 14, 2019.

Settlement ¶ 1.25. Excluded from the Settlement Class are: (i) Verde; (ii) any affiliates of Verde; and (iii) any employee of Verde or members of their Immediate Family. *Id.*

If approved, the Settlement will resolve all claims asserted by the Parties. Settlement ¶¶ 1.21, 1.22, 5.4, 5.6, 7.2, 7.6. The Settlement provides that Verde will pay $3,000,000 via a wire transfer into an escrow account established by the Settlement Administrator within ten (10) business days after the Effective Date, except that Defendant shall pay the Settlement Administrator's actual, and reasonably incurred Notice costs within fourteen (14) days of the Court's entry of the Preliminary Approval Order, to be credited against the Settlement Fund. If the Court grants preliminary approval, then notwithstanding that the Effective Date has not yet occurred, the Parties have agreed that up to $300,000 from the Settlement Fund may be used to pay the reasonable Notice and Administration Costs actually incurred. Settlement ¶ 2.1. Such costs and expenses shall include, without limitation, the costs of printing and mailing the Notice, the administrative expenses actually incurred and fees reasonably charged by the Settlement Administrator in connection with searching for Settlement Class Members and providing Notice. Settlement ¶¶ 1.16, 2.1, 4.7.

The Amended Settlement Agreement provides that the Settlement funds will be used to make Settlement payments to Authorized Claimants who submit timely and valid Claim Forms on a *pro rata* basis (the "Calculated Payment"); provided, however, that if an Authorized Claimant's Calculated Payment totals less than One Hundred Dollars ($100), the Calculated Payment will be deemed to be $100, and Defendant will provide additional funds to the Settlement Administrator equal to the lesser of (i) the amount necessary to ensure that each Authorized Claimant receives a

6

Calculated Payment of $100, or (ii) Two Million Dollars ($2,000,000) (such lesser amount, the "Supplemental Fund").[3] Settlement ¶ 2.2.

The Settlement provides that Authorized Claimants will receive equal shares of the Net Settlement Fund and the Supplemental Fund (if applicable). Settlement ¶¶ 1.14, 1.28, 2.2-2.3, 3.1-3.2. The Notice describes the terms of the Settlement, including that the Net Settlement Fund and the Supplemental Fund (if applicable) will be distributed to eligible Settlement Class Members who submit valid and timely Claim Forms subject to this Court's approval (*see* Notice at 2-3); advises Settlement Class Members of, among other things, Plaintiffs' Counsel's application for attorneys' fees and litigation costs and expenses (*id.* at 3), the procedures for objecting to the Settlement, or the request for attorneys' fees, costs and expenses (*id.* at 4), and the date, time and location of the Final Approval Hearing (*id.* at 2); and advises Settlement Class Members how they may exclude themselves from the Settlement (*id.* at 3-4). The Settlement also provides for a very simple claims process in which Claim Forms can be submitted by website, email, fax, or U.S. mail, and Claimants need only sign the form provided to them and need not submit any additional documentation.

If the Court grants preliminary approval of the Settlement, the Settlement Administrator will mail the Notice and Claim Form to Settlement Class Members. Settlement ¶¶ 4.3-4.4.[4]

---

[3] The Parties have agreed that Defendant's liability under the Settlement shall not exceed the "Maximum Settlement Amount" of $5,000,000. Settlement ¶ 2.2. In the event that the aggregate total dollar value of all Calculated Payments submitted by the Authorized Claimants exceeds the Net Settlement Fund plus the Supplemental Fund, each Authorized Claimant's Calculated Payment shall be reduced and the Authorized Claimant shall receive, as his/her/its Calculated Payment, a *pro rata* share of the Net Settlement Fund plus the Supplemental Fund. Settlement ¶ 2.3.

[4] The proposed Settlement Administrator, Angeion Group (*see* Settlement ¶ 1.24), is located in Philadelphia, PA, and has extensive experience in the administration of class action settlements, including TCPA cases. *See* http://www.angeiongroup.com/about.htm.

Defendant will, among other things, provide the Settlement Administrator with available contact information identifying the Settlement Class Members based on Verde's business records, which were used to make the telephone calls to Settlement Class Members in the first instance. *Id.* The Settlement Administrator will also provide, via its website, online access of the Notice and Claim Form. Settlement ¶ 1.5.

## IV.   ARGUMENT

The Third Circuit has long recognized that there is a "strong presumption in favor of voluntary settlement agreements." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010) (citing *Pennwalt Corp. v. Plough*, 676 F.2d 77, 79-80 (3d Cir. 1982)). "This policy is also evident in the Federal Rules of Civil Procedure and the District Court's Local Rules, which encourage facilitating the settlement of cases." *Id.* "This presumption is especially strong in 'class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.'" *Id.* at 595 (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995)). "Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Id.* In addition, "the parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Id.*

The Settlement will provide a tangible and valuable recovery to Settlement Class Members and avoid the uncertainties and expense of continued litigation. However, certification of the proposed Settlement Class is necessary in order for the Settlement Class Members to receive the benefits of the Settlement. *Accord In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liab. Litig.*, No. 11-md-02284, 2013 U.S. Dist. LEXIS 18332, at *8 (E.D. Pa. Feb. 12, 2013)). The Court's initial determination to approve Notice of the proposed Settlement to the Settlement Class is governed by Rule 23(e)(1)(B)(i) and (ii). These rules codify the practice long followed by many

8

courts that where, as here, "the court will likely be able to" grant final approval to the settlement and certify the class, notice should be given so that the class has an opportunity to be heard. FED. R. CIV. P. 23(e)(1)(B). As demonstrated below, preliminary certification of the Settlement Class and preliminary approval of the Settlement for purposes of giving Notice to the Settlement Class is warranted.

## A.   The Class Should Be Preliminarily Certified for Purposes of the Settlement

"At the preliminary approval stage, the Court may conditionally certify the class for purposes of providing notice [of a proposed settlement]." *In re Imprelis Herbicide*, 2013 U.S. Dist. LEXIS 18332, at *8 (citing MANUAL FOR COMPLEX LITIGATION, § 21.632 (4th ed. 2004) ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).")). *Accord In re GMC Pick-Up Truck*, 55 F.3d at 776-78 ("Only when the settlement is about to be finally approved does the court formally certify the class, thus binding the interests of its members by the settlement.").

In the circumstances here, the requirements of Rule 23 are readily met.

### 1.   The Elements of Rule 23(a) are Satisfied

FED. R. CIV. P. 23(a) requires that plaintiffs demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

#### a.   Numerosity

The numerosity requirement is met where the class is so numerous that joinder of all members is impracticable. *Carr v. Flowers Foods, Inc.*, No. 15-cv-6391, 2019 WL 2027299, at *8 (E.D. Pa. May 7, 2019) (Beetlestone, J.) (finding 4,521 recipients in TCPA action satisfied

numerosity). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). Numerosity is satisfied here, as it is presumed "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." *Atis v. Freedom Mortg. Corp.,* No. 15-cv-03424 (RBK/JS), 2018 WL 5801544, at *6 (D.N.J. Nov. 6, 2018).

Based upon Defendant's records which were used to contact the Settlement Class Members, the Settlement Class is estimated to include approximately 357,387 persons. As such, numerosity is easily met for settlement purposes.

### b.    Commonality

The commonality requirement is met where "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2); *Carr v. Flowers Foods, Inc.,* No. 15-cv-6391, 2019 WL 2027299, at *9. "Commonality requires a showing of the existence of questions of law or fact common to the class." *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 182 (E.D. Pa. 2014) ("A common question is one arising from a common nucleus of operative facts."). "Generally, where defendants have engaged in standardized conduct towards members of the proposed class, common questions of law and fact exist. *Id.* "'[T]he commonality standard of Rule 23(a)(2) is not a high bar: it does not require identical claims or facts among class members.'" *Stewart v. Abraham*, 275 F.3d at 227 (quoting *Chiang v. Veneman*, 385 F.3d 256, 265 (3d Cir. 2004)). "'The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" *Id.* (citing *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)).

Here, the claims asserted by Plaintiffs are predicated on allegations that Verde engaged in unlawful marketing practices, by making calls to Settlement Class Members' telephones through

the use of a pre-recorded or artificial voice messages, without obtaining the requisite prior express consent. As such, Plaintiffs contend that issues of fact and law exist that are common to all Settlement Class Members, such as:

- Whether Verde made calls to Settlement Class Members' telephones during the period October 16, 2013 to February 14, 2019;

- Whether Verde's telephone calls to Settlement Class Members used a pre-recorded or artificial voice messages;

- Whether Verde had proper consent from the recipients of the calls made;

- Whether Verde's conduct violated the TCPA;

- Whether Verde's violations were knowing or willful; and

- Whether Settlement Class Members are entitled to statutory damages under the TCPA.

These common questions are wholly sufficient to satisfy the commonality requirement for settlement purposes. *Accord In re Urban Outfitters, Inc., Secs. Litig.*, No. 13-cv-5978, 2016 U.S. Dist. LEXIS 24915, at *3-4 (E.D. Pa. Feb. 29, 2016) (preliminarily certifying class action).

### c.      Typicality

Rule 23(a)(3) requires that the claims of the class representative are "typical of the claims … of the class." "The typicality requirement 'is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 531 (3d Cir. 2004) (citation omitted).  As the Third Circuit has held, "'[t]he concepts of commonality and typicality are broadly defined and tend to merge.'" *Baby Neal v. Casey*, 43 F.3d at 56 (citation omitted).  "In this respect 'the commonality and typicality requirements both seek to ensure that the interests of the absentees will be adequately represented.'" *Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 498 (E.D. Pa. 2009) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283,

311 (3d Cir. 1998)). "'[C]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.'" *Barel v. Bank of Am.*, 255 F.R.D. 393, 398 (E.D. Pa. 2009) (quoting *Stewart v. Abraham*, 275 F.3d at 227).

Here, typicality is met as Plaintiffs claim that Verde improperly engaged in telemarketing using an artificial or pre-recorded voice to contact Settlement Class Member's telephones without obtaining prior express consent and is thus liable for statutory damages under the TCPA. *Accord Gehrich v. Chase Bank U.S.*, 316 F.R.D. 215, 224 (N.D. Ill. 2016) (TCPA case; "The proposed class also satisfies commonality and typicality. Each class member suffered roughly the same alleged injury:  receipt of at least one phone call … from [defendant] to her cell phone."); *Grannan v. Alliant Law Group, P.C.*, No. 10-cv-02803 HRL, 2012 U.S. Dist. LEXIS 8101, at *11 (N.D. Cal. Jan. 24, 2012) ("The claims of the Named Plaintiff are typical of the Settlement Class, and arise out of the TCPA violations committed by defendant Alliant.").

For settlement purposes, Plaintiffs are typical of the absent Settlement Class Members because they were allegedly subjected to the same Verde practices, they suffered from the same injuries, and because both Plaintiffs and the Settlement Class will benefit from the relief provided by the Settlement.

### d.    Adequacy

"[T]he adequacy of representation requirement of Rule 23(a)(4) 'considers whether the named plaintiffs' interests are sufficiently aligned with the absentees', and it tests the qualifications of the counsel to represent the class.'" *Cosgrove v. Citizens Auto. Fin., Inc.*, No. 09-cv-1095, 2011 U.S. Dist. LEXIS 95656, at *11 (E.D. Pa. Aug. 25, 2011) (quoting *In re Community Bank of N. Va.*, 418 F.3d 277, 303 (3d Cir. 2005)). This requirement "has two components": "[f]irst, the adequacy inquiry tests the qualifications of the counsel to represent the class"; and, "[s]econd, it

seeks to uncover conflicts of interest between named parties and the class they seek to represent." *Carr v. Flowers Foods, Inc.*, 2019 WL 2027299, at *10 (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 532).

"A class representative is adequate if: (1) the class representative's counsel is competent to conduct a class action; and (2) the class representative's interests are not antagonistic to the class's interests." *In re Ravisent Techs., Inc. Secs. Litig.*, No. 00-cv-1014, 2005 U.S. Dist. LEXIS 6680, at *16 (E.D. Pa. Apr. 18, 2005) (quoting *In re GMC Pick-Up Truck*, 55 F.3d at 800-01).

Here, there is nothing to suggest that Plaintiffs have interests antagonistic to those of the Settlement Class Members. Plaintiffs' interest in maximizing a recovery for the Settlement Class is aligned with the interests of Settlement Class Members generally. Plaintiffs have obtained an advantageous Settlement that treats all Settlement Class Members in the same fashion and provides real value to all claimants. Moreover, Plaintiffs' Counsel have substantial experience in litigating consumer class actions and other complex commercial cases.[5] Plaintiffs and their counsel have, and will continue, to zealously represent the interests of the proposed Settlement Class. As such, the adequacy requirement is satisfied for settlement purposes, and Plaintiffs request that the Court preliminarily appoint Brian Richardson, Michelle Hunt, Jacqueline Bowser, Kris Villager, and Donna Schley as the Settlement Class representatives and Plaintiffs' Counsel to serve as counsel for the Settlement Class pursuant to Rule 23(g). *See* Preliminary Approval Order at 2.

---

[5]  Berger Montague PC has successfully represented victims of fraud and other misconduct for the past 50 years, recovering over $30 billion for our clients and the classes they have represented. *See* http://www.bergermontague.com/about-us/history. Hughes Ellzey, LLP also has significant experience in representing plaintiffs in complex business, consumer, and class-action litigation, including TCPA claims. *See* http://www.hughesellzey.com/gen/practice-areas.html. Bursor & Fisher, PA is nationally recognized with substantial experience litigating, trying, and settling TCPA cases. *See* https://www.bursor.com/category/class-actions/.  Marcus & Zelman, LLC is a consumer protection law firm specifically focused on handling TCPA, FCRA, and FDCPA cases. *See* https://marcuszelman.com.

## 2. The Requirements of Rule 23(b)(3) Are Also Met

The Settlement Class also satisfies  FED. R. CIV. P. 23(b)(3), which requires that the court find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### a. Predominance

The Rule 23(b)(3) predominance inquiry "measures whether the class is sufficiently cohesive to warrant certification." *Newton v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 259 F.3d 154, 187 (3d Cir. 2001) (citing *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 623 (1997)). [T]he predominance inquiry focuses a common course of conduct by which the defendant may have injured class members." *Barel v. Bank of Am.*, 255 F.R.D. at 399 (citing *In re Prudential Ins.*, 148 F.3d at 314). For example, in *Barel v. Bank of Am.*, 255 F.R.D. 393, involving consumer claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the court found predominance satisfied where the defendant was alleged to have engaged "in a common course of conduct" and where "all class members, by definition, were subjected to the same practices." *Id.* at 399 ("The predominating, indeed the dispositive, issue is whether Defendant willfully violated the FCRA by obtaining consumer reports of non-customers.").

Here, for settlement purposes, predominance is demonstrated by Verde's alleged course of misconduct. Plaintiffs and the Settlement Class were each the alleged recipients of Defendant's telemarketing calls. Those calls and the contact information of persons called are recorded in Verde's business records; indeed, Verde has identified some 357,387 unique cellular telephone numbers it called using an artificial or pre-recorded voice. Defendant would then either have or lack the proper written consents required by the TCPA for those calls.

14

**b.**   **Superiority**

The other requirement of Rule 23(b)(3) is the superiority requirement, *i.e.*, that a class action suit provides the best way of managing and adjudicating the claims at issue. "The superiority requirement 'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" *Good v. Nationwide Credit, Inc.*, No. 14-cv-4295, 2016 U.S. Dist. LEXIS 32154, at *22 (E.D. Pa. Mar. 14, 2016) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d at 533-34). "When assessing superiority and '[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, ... for the proposal is that there be no trial.'" *Id.* at *23 (quoting *Amchem Prods., Inc., v. Windsor*, 521 U.S. at 620).

Here, the Settlement provides redress for Settlement Class Members who individually may have potential damages of several thousand dollars at most and who thus are economically foreclosed from otherwise pursuing any relief.  To the extent Settlement Class Members did pursue litigation outside of the class context, the Settlement would avoid potential individual cases that could be filed by the some 357,387 Settlement Class Members for the same claims asserted here.

For all of the foregoing reasons, the Settlement Class should be preliminarily certified for purposes of the proposed Settlement.

**B.**   **Preliminary Approval of the Proposed Settlement Is Warranted**

The claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval.  FED. R. CIV. P. 23(e). Approval of a settlement "is within the Court's discretion, which 'should be exercised in light of the general judicial policy favoring settlement.'" *Smith v. Grayling Corp.*, No. 07-cv-1905, 2008 U.S. Dist. LEXIS 117292, at *5 (E.D. Pa. Aug. 20, 2008); *accord Ehrheart v. Verizon Wireless*, 609 F.3d at 595.

"At the preliminary approval stage, a settlement is presumed to be fair when the negotiations were at arm's length, there was sufficient discovery, and the proponents of the settlement are experienced in similar litigation." *Glaberson v. Comcast Corp.*, No. 03-cv-6604, 2014 U.S. Dist. LEXIS 172040, at *14 (E.D. Pa. Dec. 12, 2014) (citing *In re GMC Pick-Up Truck*, 55 F.3d 768 at 785)). "At step two, after notice to the class and an opportunity for class members to object to the proposed settlement or otherwise be heard, the Court determines whether the settlement is fair, reasonable and adequate and whether the settlement should be finally approved under Federal Rule of Civil Procedure 23(e)." *Id.*[6]

"Courts in this Circuit give considerable weight and deference to the views of experienced counsel as to the merits of an arms-length settlement." *Moore v. GMAC Mortg.*, No. 07-cv-4296, 2014 U.S. Dist. LEXIS 181431, at *9 (E.D. Pa. Sept. 19, 2014) (citing *In re Auto. Refinishing Paint Antitrust Litig.*, MDL 1426, 2004 U.S. Dist. LEXIS 29161, at *7 (E.D. Pa. Sept. 27, 2004)). "'[T]he participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties.'" *In re ViroPharma Inc. Secs. Litig.*, No. 12-cv-2714, 2016 U.S. Dist. LEXIS 8626, at *24 (E.D. Pa. Jan.

---

[6] In the second step, after notice to the class, the court holds a final approval hearing to consider whether the settlement warrants final approval and considers, among other things:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*In re Certainteed Fiber Cement Siding Litig.*, 303 F.R.D. 199, 215 (E.D. Pa. 2014) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (internal quotation marks and ellipses omitted)).

25, 2016) (quoting *Hall v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 109355, at *26 (D.N.J. 2010)). Thus, deference is due where, as here, Plaintiffs' Counsel are highly experienced in consumer class action and other complex litigation and the Parties reached the Settlement through the assistance of an independent mediator, in this case, the Honorable Judge Stengel.

Under the Amended Settlement Agreement, it is anticipated that Authorized Claimants will each receive $100. The Parties have designed a very simple claim process in an order to maximize the number of Settlement Class Members who submit claims. Here, if the Settlement Class totals approximately 357,387 persons, as Defendant represents, an estimated Net Settlement Fund of some $1,575,000 (deducting for estimated fees, costs, and Service Awards, as well as settlement administration costs) would be equally divided among 17,869 Authorized Claimants (assuming a 5% claims rate, which is common in TCPA class action settlements, and particularly reasonable in this case[7]), with each receiving an estimated distribution of approximately $88.14. However, the Settlement now includes up to an additional $2 million that may be used to true up that amount to $100 per Authorized Claimant. For example, with regard to the estimated 17,869 Authorized Claimant, the additional amount needed per claimant to distribute $100 would be $11.86 ($100 - $88.14), or a total of $211,926.34.[8]

---

[7] The proposed Settlement Administrator, Angeion Group, has reviewed and analyzed the data available from Defendants as to the proposed members of the Settlement Class. Based on the data reviewed and past experiences, it is reasonable to anticipate a claims rate of 5%, although the actual claims rate may differ. *See* Declaration of Andy Morrison attached hereto.

[8] If a 10% claims rate were used, the Authorized Claimants would total 35,739. Using the $1,575,000 initial net settlement fund, each would receive $44.07. The additional amount needed per claimant to reach a $100 distribution would be $55.93 each, or a total of $1,998,882.27. Thus, under scenarios of up to at least a 10% claims rate, the Settlement proposed (using both the Settlement Fund and the available Supplemental Fund) would provide sufficient funds to issue checks of $100 to Authorized Claimants.

The value of the Settlement is squarely in line with other TCPA settlements. For example, in *Vasco v. Power Home Remodeling Group LLC*, No. 15-cv-4623, 2016 U.S. Dist. LEXIS 141044 (E.D. Pa. Oct. 12, 2016), the Court approved a TCPA class action settlement that provided for payments of $27 per claimant. There, the court found that "[t]his amount is consistent with other class action settlements under the Act." *Id.* at *23 (citing, *e.g.*, *Kolinek v. Walgreen Co.*, No. 13-cv-4806, 2015 WL 7450759, at *7 (N.D. Ill. Nov. 23, 2015) ($30); *In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) ($34.60); *Rose v. Bank of Am. Corp.*, No. 11-cv-02390-EJD, 2014 U.S. Dist. LEXIS 121641, at *30 (N.D. Cal. Aug. 29, 2014) ($20 to $40)).

Similarly, in *Gehrich*, 316 F.R.D. 215, another court recently approved a TCPA class action settlement of $34 million. There, the court found that while "[t]he theoretical recovery per [class] member is about $1.00", "[t]he actual recovery per claimant is approximately $52.50." *Id.* at 23. Although "that recovery is well below the $500 statutory recovery available for each call", the court found that "the recovery falls well within the range of recoveries in other recent TCPA class actions." *Id.* As the court in *Gehrich* held, "'[t]he essential point here is that the court should not 'reject[]' a settlement 'solely because it does not provide a complete victory to plaintiffs,' for 'the essence of settlement is compromise.'" *Id.* (quoting *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996)). "An acceptable settlement is properly 'a bilateral exchange ... where both sides gain as well as lose something.'" *Id.* (quoting *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1135 (7th Cir. 1979)). Moreover, the *Gehrich* court reasoned:

> Individual class members receive less than the maximum value of their TCPA claims, but they receive a payout without having suffered anything beyond a few unwanted calls or texts, they receive it (reasonably) quickly, and they receive it without the time, expense, and uncertainty of litigation. [Defendant], for its part, buys peace and mitigates risk. However improbable it may be, complete victory for Plaintiffs at $500 or $1,500 per class member could bankrupt [the defendant]. Even assuming (conservatively and unrealistically) only one violation per class member, if Plaintiffs won a complete victory, [defendant] Chase would owe $16.1 billion,

> and $48.4 billion if the jury found that Chase's violations were knowing or willful.
> A $52.50 recovery in the hand is better than a $500 or $1,500 recovery that must
> be chased through the bankruptcy courts.

*Id.* at 228.

While Verde has agreed to settle, Verde is not without significant defenses (Dkt. 10), including that:  Verde had the requisite consent, in accord with the TCPA, prior to making calls to Settlement Class Members; and Verde did not use a TCPA-actionable artificial or prerecorded voice, as well as various defenses to challenge the appropriateness of class certification. As many courts have endorsed, "[i]nstead of the lengthy, costly, and uncertain course of further litigation, the settlement provides a significant and expeditious route to recovery ... [such that] it may be preferable 'to take the bird in the hand instead of the prospective flock in the bush.'"  *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2006 U.S. Dist. LEXIS 81440, at *16 (S.D.N.Y. Nov. 8, 2006) (citation omitted). Absent the Settlement, it is "entirely possible that the class would have recovered nothing at all, or a range of recovery not far from what this bird-in-the-hand supplies." *In re ATI Techs., Inc. Secs. Litig.*, No. 01-cv-2541, 2003 U.S. Dist. LEXIS 7062, at *7 (E.D. Pa. Apr. 28, 2003). Here, the Settlement proposed is well within the range of being fair, reasonable and adequate, and warrants preliminary approval.

## C.    The Form and Method of Notice Should be Approved

"Federal Rule of Civil Procedure 23 requires a district court approving a class action settlement to 'direct notice in a reasonable manner to all class members who would be bound by the proposal.'" *In re DVI, Inc. Secs. Litig.*, No. 03-5336, 2016 U.S. Dist. LEXIS 40473, at *22-23 (E.D. Pa. Mar. 28, 2016) (quoting  FED. R. CIV. P. 23(e)(1)). "Whereas 'the Rule provides broad discretion to district courts with respect to the notice's form and content, it must satisfy the requirements of due process.'" *Id.* at *23 (quoting *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 180 (3d Cir. 2013)). "Generally, 'there has been a failure of due process only in those cases where

it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it.'" *Id.* (quoting *In re Diet Drugs Prods. Liab. Litig.*, 431 F.3d 141, 145 (3d Cir. 2005)).

### 1.      The Form of Notice Is Appropriate

"First, Rule 23(c)(2)(B) requires that class members be given the best notice practicable under the circumstances, including individual notice to all potential class members identifiable through reasonable efforts. Specifically, the Rule provides that such notice must, in clear, concise, and plain language, state:  (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) the class member's right to enter an appearance by an attorney; (v) the class member's right to be excluded from the class; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of settlement on class members." *Good v. Nationwide Credit, Inc.*, 2016 U.S. Dist. LEXIS 32154, at *25-26 (citing  FED. R. CIV. P. 23(c)(2)(B). "Second, Rule 23(e) requires notification to all members of the class of the terms of any proposed settlement.  FED. R. CIV. P. 23(e). This 'notice is designed to summarize the litigation and the settlement' and 'to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation.'" *Id.* (citing *In re Prudential Ins.*, 148 F.3d at 327).

Here, the proposed Notice provides detailed information about the Settlement, including: (1) a comprehensive summary of its terms; (2) Class Counsel's intent to request attorneys' fees, reimbursement of costs and expenses, and incentive awards for the Plaintiffs; and (3) detailed information about the Released Claims. *See* Notice. In addition, the Notice provides information about the Final Approval Hearing date, the right of Settlement Class Members to seek exclusion from the Settlement Class or to object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information. *Id.* In short, the

Notice is intended to fully inform Settlement Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights.

### 2.  The Method of Notice Comports with Due Process and Is Reasonable

"'[T]o satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Glaberson v. Comcast Corp.*, 2014 U.S. Dist. LEXIS 172040, at *18 (quoting *In re Ikon Office Solutions, Inc. Secs. Litig.*, 194 F.R.D. 166, 174 (E.D. Pa. 2000)). "Individual notice should be provided to all members who can be identified through reasonable efforts." *Id.*

A copy of the Notice, with a perforated and detachable Claim Form will form a double-postcard, that will be mailed to each Settlement Class Member who can be identified from Verde's business records. Verde's records of the telephone calls it placed to cellular phones are substantially complete, and telephone numbers in its database are associated with mailing addresses, though not in all instances. In addition, the Notice will be available via the Settlement Administrator's website and will allow interested Settlement Class Members to complete and submit Claim Forms online. Accordingly, the proposed form and manner of notice are reasonable and adequate, in accord with due process and Rule 23, and should be approved.

## V.  PROPOSED SCHEDULE OF CERTAIN SETTLEMENT EVENTS

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice and Claim Form to Settlement Class Members | No later than 60 days after entry of Preliminary Approval Order |
| Deadline for Class Counsel to file a Declaration of the Settlement Administrator showing proof of mailing of the Notice | With Plaintiffs' Motion for Final Approval of Class Action Settlement |

| | |
|---|---|
| Deadline for Plaintiffs to file a Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Expenses | 21 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to opt-out or object to the settlement | 60 days after the Notice and Claim Form is mailed by the Settlement Administrator |
| Deadline for filing reply papers by the parties in further support of the settlement and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Deadline for filing the declaration from the Settlement Administrator specifying the number of Settlement Class Members who requested exclusion or submitted objections; all costs incurred by the Settlement Administrator to date; an estimate of the costs for mailing the checks to the Authorized Claimants and completing the settlement administration; and the estimated amount that will be distributed to each Authorized Claimant | Seven (7) days prior to the Final Approval Hearing |
| Final Approval Hearing (approximately 160 days after entry of the Preliminary Approval Order, scheduled at the Court's convenience) | _____, 2020, at _____ _.m., at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom _____, Philadelphia, PA 19106 |
| Deadline for Settlement Class Members to file Claim Forms | 60 days after the Notice and Claim Form is mailed by the Settlement Administrator. |

## VI.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that the Court grant preliminary approval of the proposed Settlement and enter the proposed Preliminary Approval Order.[9]

---

[9] During the September 23, 2019 hearing, the Court questioned whether it would be appropriate for the Court to retain jurisdiction if the Court were to approve a settlement and then dismiss the case. Dkt. 132, Tr. 27:13-20. The Parties respond that such a retention of jurisdiction is often used by courts in class action settlements and would be appropriate in this case. Plaintiffs intend to address that point in connection with the final approval of the Settlement.

22

Dated:  December 19, 2019

Respectfully submitted,

BERGER MONTAGUE PC

By:  /s/  *Shanon J. Carson*
Shanon J. Carson (scarson@bm.net)
Lane L. Vines (lvines@bm.net)
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

W. Craft Hughes (craft@hughesellzey.com)
Jarrett L. Ellzey (jarrett@hughesellzey.com)
HUGHES ELLZEY, LLP
2700 Post Oak Boulevard, Suite 1120
Galleria Tower I
Houston, TX  77056
Tel.: (713) 554-2377
Fax: (888) 995-3335

Scott A. Bursor (scott@bursor.com)
Joseph I. Marchese (jmarchese@bursor.com)
Joshua D. Arisohn (jarisohn@bursor.com)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel.: (646) 837-7150
Fax: (212) 989-9163

Ari H. Marcus (ari@marcuszelman.com)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel.: (732) 695-3282
Fax: (732) 298-6256

*Attorneys for Plaintiffs and the Proposed
Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.


   */s/ Shanon J. Carson*
Shanon J. Carson