IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RICHARDSON, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>Defendant. | No. 15-cv-06325-WB<br><br>PRELIMINARY APPROVAL ORDER |

WHEREAS, the above-captioned class action lawsuit, which includes *Schley v. Verde Energy USA, Inc.*, No. 2:17-cv-00887 (E.D. Pa.), is pending before this Court;

WHEREAS, the Court has received and reviewed Plaintiffs' Motion for Preliminary Approval of Settlement Agreement (Dkt. 134), and the Parties' Settlement Agreement dated December 19, 2019 and accompanying exhibits (the "Settlement Agreement"), entered into by Plaintiffs Brian Richardson, Michelle Hunt, Jacqueline Bowser, Kris Villager, and Donna Schley ("Plaintiffs"), on behalf of themselves and the proposed Settlement Class (as defined in the Settlement Agreement), and Defendant Verde Energy USA, Inc. ("Defendant");

WHEREAS, the Parties have agreed, subject to final approval by this Court following notice to the Settlement Class and a Final Approval Hearing, to settle this Action pursuant to the terms and conditions set forth in the Settlement Agreement; and

WHEREAS, Plaintiffs have moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order preliminarily certifying the Settlement Class for settlement purposes only, and preliminarily approving the Settlement Agreement as fair, reasonable, and adequate;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court preliminarily finds, for settlement purposes only, that the Settlement Class is so numerous that joinder of all members is impracticable, that there are questions of fact and law common to the Settlement Class and that those questions predominate over questions affecting only individual Settlement Class Members, that Plaintiffs' claims are typical of the claims of the Settlement Class, that Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and that class treatment is superior to individual litigation by Settlement Class Members.

2.  In light of the above findings, preliminarily and solely for purposes of settlement, the Court certifies the following Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), consisting of:

> all individuals in the United States who received a call made by or on behalf of Verde Energy USA, Inc. to the individual's cellular or landline telephone through the use of a pre-recorded or artificial voice, from October 16, 2013 to February 14, 2019 (the "Settlement Class").

Excluded from the Settlement Class are: (i) Defendant; (ii) any affiliates of Defendant; and (iii) any employee of Defendant or members of their Immediate Family.

3.  For settlement purposes only, the Court preliminarily appoints Plaintiffs as the Class Representatives, and appoints Shanon J. Carson and Lane L. Vines of Berger Montague PC, W. Craft Hughes and Jarrett L. Ellzey of Hughes Ellzey, LLP, Joshua Arisohn of Bursor & Fisher, P.A., and Ari H. Marcus of Marcus & Zelman, LLC to serve as Class Counsel.

4.  The Court preliminarily approves the Settlement Agreement as a fair, reasonable, and adequate resolution to the claims of Plaintiffs and the Settlement Class subject to further consideration at the Final Approval Hearing.

5. The Final Approval Hearing is scheduled for MAY 21, 2020, at 2:00 p.m., at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom ___, Philadelphia, PA 19106, to determine whether the Court should grant final approval of the Settlement Agreement.

6. The Court approves the Parties' proposed Notice of Class Action Settlement ("Notice") and Claim Form ("Claim Form") attached as Exhibits B and C, respectively, to the Settlement Agreement, authorizes the mailing and distribution of the Notice and Claim Form to the Settlement Class as set forth in the Settlement Agreement, and finds that the proposed manner and form of Notice is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. Angeion Group, LLC is appointed to serve as the Settlement Administrator and shall perform all notice and settlement administration duties set forth in the Settlement Agreement.

8. Settlement Class Members who wish to participate in the Settlement shall timely and fully complete and submit a Claim Form in accordance with the terms and conditions of the Settlement Agreement, and the Settlement Administrator shall accept and process Claim Forms as set forth in the Settlement Agreement.

9. Any Settlement Class Member who does not exclude himself or herself from the Settlement, may appear at the Final Approval Hearing if he or she wishes to show good cause why the Settlement Agreement should not be approved as fair, reasonable, and adequate, provided that they must first have delivered by hand or served by U.S. first class mail to Berger Montague PC, Attn.: Shanon J. Carson, Lane L. Vines, 1818 Market Street, Suite 3600, Philadelphia, PA 19103; and Eckert, Seamans, Cherin & Mellott, LLC, Attn.: Kevin P. Allen, Joel L. Lennen, Louis A. DePaul, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219, written objections that specifically

state the grounds for any objection, such that they are received or postmarked within sixty (60) days from the date that the Notice is initially mailed by the Settlement Administrator. Any Settlement Class Member who does not make his or her objection in the manner set forth in the Notice and the Settlement Agreement shall be deemed to have waived such objection and shall be foreclosed from making any objection to any aspect of the Agreement.

10. Any requests for exclusion must be submitted such that they are received or postmarked within sixty (60) days from the date the Notice is initially mailed by the Settlement Administrator. Any Settlement Class Member who does not timely request exclusion from the Settlement Class in the manner stated in the Notice shall be deemed to have waived his or her rights to be excluded from the Settlement Class.

11. All Notice and Administration Costs, reasonably incurred by the Settlement Administrator, which amount shall not exceed $300,000, shall be paid from the Settlement Amount as set forth in the Settlement Agreement without further order of the Court. In the event that the Settlement Agreement is terminated pursuant to the terms of this Settlement, all Notice and Administration Costs that were actually incurred by the Settlement Administrator up to the date that the Settlement Agreement is terminated shall not be returned or repaid to Defendant.

14. In accord with the above, the Court approves the following deadlines:

| Event | Time for Compliance |
| --- | --- |
| Deadline for mailing the Notice and Claim Form to Settlement Class Members | No later than 60 days after entry of Preliminary Approval Order |
| Deadline for Class Counsel to file with the Court proof, by affidavit or declaration, of the mailing of the Notice | With Plaintiffs' Motion for Final Approval of Class Action Settlement |

| Event | Time for Compliance |
|---|---|
| Deadline for Plaintiffs to file a Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Expenses | 21 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to opt-out or object to the settlement | 60 days after the Notice and Claim Form is mailed by the Settlement Administrator |
| Deadline for filing reply papers by the parties in further support of the settlement and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Deadline for filing the declaration from the Settlement Administrator specifying the number of Settlement Class Members who requested exclusion or submitted objections; all costs incurred by the Settlement Administrator to date; an estimate of the costs for mailing the checks to the Authorized Claimants and completing the settlement administration; and the estimated amount that will be distributed to each Authorized Claimant | Fourteen (14) days prior to the Final Approval Hearing |
| Final Approval Hearing (approximately 160 days after entry of the Preliminary Approval Order, scheduled at the Court's convenience) | MAY 21 ᴊᴍ , 2020, at 2:00 p.m., at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom ____, Philadelphia, PA 19106 |
| Deadline for Settlement Class Members to file Claim Forms | 60 days after the Notice and Claim Form is mailed by the Settlement Administrator. |

-5-

15. All other deadlines pending in this Action are hereby stayed.

IT IS SO ORDERED:

DATED: 1/17/2020

_____
HON. WENDY BEETLESTONE
UNITED STATES DISTRICT JUDGE