IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN RICHARDSON, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERDE ENERGY USA, INC.,<br><br>Defendant. | No. 15-cv-06325-WB<br><br>[PROPOSED] ORDER AND FINAL JUDGMENT |

This matter came for hearing on May 19, 2020 (the "Final Approval Hearing"), to determine whether the terms and conditions of the Parties' Amended Stipulation and Agreement of Settlement ("Settlement Agreement") are fair, reasonable, and adequate, and whether final approval should be granted. Due and adequate notice having been given to the Settlement Class in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed, and good cause appearing therefore, **IT IS HEREBY ORDERED:**

1. This Order and Final Judgment (the "Final Approval Order" or "Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

-2-

3. The Court preliminarily approved the Settlement Agreement by entering the Preliminary Approval Order dated January 17, 2020 (Dkt. No. 136) and notice was subsequently given to all Settlement Class Members pursuant to the terms of the Settlement Agreement and Preliminary Approval Order.

4. The Court finds, for settlement purposes only, that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs' claims are typical of the claims of the Settlement Class;

(d) Plaintiffs and Plaintiffs' Counsel will fairly and adequately protect the interest of the Settlement Class;

(e) the questions of law or fact common to the Settlement Class Members, and which are relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class Members; and

(f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. In light of the above findings and solely for purposes of the Settlement, the Court certifies this Action as a class action pursuant to FED. R. CIV. P. 23(a) and 23(b)(3). The Settlement Class consists of:

> all individuals in the United States who received a call made by or on behalf of Verde Energy USA, Inc. to the individual's cellular or landline telephone, through the use of a pre-recorded or artificial voice, from October 16, 2013 to February 14, 2019.

Excluded from the Settlement Class are (i) Defendant; (ii) any affiliates of Defendant; and (iii) any employee of Defendant and members of their Immediate Family.

6. The Court appoints, solely for purposes of the Settlement, Plaintiffs Brian Richardson, Michelle Hunt, Jacqueline Bowser, Kris Villiger, and Donna Schley to serve as the Class Representatives.

7. The Court appoints, solely for purposes of the Settlement, Shanon J. Carson and Lane L. Vines of Berger Montague PC, W. Craft Hughes and Jarrett L. Ellzey of Hughes Ellzey, LLP, Joshua D. Arisohn of Bursor & Fisher, P.A., and Ari H. Marcus of Marcus & Zelman, LLC to serve as Class Counsel.

8. Pursuant to FED. R. CIV. P. 23, the Court approves the Settlement as set forth in the Settlement Agreement and finds that:

(a) the Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Settlement;

(c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a well-respected mediator; and

(d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendant to have adequately evaluated and considered their positions, and reached an informed settlement.

9. Accordingly, the Court authorizes and directs implementation and performance of all terms of the Settlement Agreement and this Order. The Court hereby dismisses the Action and the claims asserted in the Action with prejudice. The Parties are to bear their own costs except as, and to the extent provided in, the Settlement Agreement and this Order.

10. Upon the Effective Date, as defined in the Settlement Agreement and by operation of this Order, Plaintiffs and each Settlement Class Member who did not properly and timely exclude himself or herself from the Settlement, shall be bound by the terms of the Settlement as set forth in the Settlement Agreement and this Order, shall be deemed to have released, dismissed and forever discharged the Released Claims against each and every one of the Released Parties, with prejudice and on the merits, without costs to any of the Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Claims against any of the Released Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

11. The Notice given to the Settlement Class was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and constituted due and sufficient notice to all persons. The form and method of the Notice fully satisfied the requirements of FED. R. CIV. P. 23 and due process. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order.

12. This Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that more than ninety (90) days have elapsed since Defendant provided the required notice, as required by 28 U.S.C. §1715(d).

13. The Plan of Allocation submitted by Plaintiffs' Counsel whereby each Authorized Claimant will receive an equal share of the Net Settlement Fund is approved.

14. Neither the Settlement nor the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement:

(a) shall be used, offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Parties or the validity or lack thereof, of any claim or counterclaim, or the existence of any class that has been or could have been asserted in the Action or in any other litigation against Defendant, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation against Defendant, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

(b) shall be used, offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Released Parties as evidence of any infirmity in the claims asserted in the Action;

(c) shall be used, offered or received against any of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them hereunder; and

(d) shall be used or construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

-6-

15. Any of the Released Parties may use or file the Settlement Agreement and/or this Final Approval Order in any other action that may be brought against them in order to support a defense, claim or counterclaim, including, but not limited to, based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Final Approval Order, in any way, this Court hereby retains continuing jurisdiction over the administration, consummation and enforcement of the Settlement Agreement.

17. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement and/or if the Effective Date does not occur, then all proceedings in connection with the Settlement shall be without prejudice to the *status quo ante* rights of the Parties to the Settlement Agreement. In such instance, the Settlement and the Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as described in the Settlement Agreement.

18. There is no just reason for delay in the entry of this Final Approval Order and Entry of Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED:


DATED:  5/19/2020                          /s/Wendy Beetlestone, J.
                                           HON. WENDY BEETLESTONE
                                           UNITED STATES DISTRICT JUDGE